UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DERALD PEAY AND DEBRA PEAY,

        Plaintiffs,

    v.

MIDLAND MORTGAGE COMPANY;
MORTGAGE PROCESS CENTER;
QUALITY LOAN SERVICE CORP.;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
U.S. BANK NA; RON ALLEN AND
ASSOCIATES; RONNIE D. ALLEN;
MARISSA BACO, and DOES 1-20
inclusive,

        Defendants.
_____/

NO. CIV. 09-2228 WBS KJM

MEMORANDUM AND ORDER RE:
MOTION TO DISMISS

----oo0oo----

      Plaintiffs Derald Peay and Debra Peay ("the Peays")
filed this action against Midland Mortgage Company ("Midland"),
Mortgage Process Center ("Mortgage Process"), Quality Loan
Service Corp. ("Quality Loan"), Mortgage Electronic Registration
Systems, Inc. ("MERS"), U.S. Bank National Association ("U.S.

1

Bank"), Ron Allen and Associates, Ronnie D. Allen, and Marissa Baco alleging various state and federal claims relating to loans they obtained to refinance their home in Grass Valley, California.  In their Second Amended Complaint ("SAC"), plaintiffs assert ten causes of action against eight defendants.

Midland and U.S. Bank move to dismiss plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted.  Midland and U.S. Bank's Motion to Dismiss challenges only the causes of action that apply to them. (Mot. to Dismiss at 2.)  Plaintiffs did not oppose the motion.  Nor did plaintiffs file a statement of non-opposition pursuant to Local Rule 230(c). Therefore, the hearing date of January 19, 2010 is VACATED pursuant to Eastern District Local Rule 230(c), and the court takes defendants' motion to dismiss under submission without oral argument.

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322 (1972).  To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).  This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." Ashcroft v. Iqbal,

2

129 S. Ct. 1937, 1949 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556-57).

A.  <u>Fraud</u>

In California, the essential elements of a claim for fraud are "(a) a misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." <u>In re Estate of Young</u>, 160 Cal. App. 4th 62, 79 (2008). Under the heightened pleading requirements for claims of fraud under Federal Rule of Civil Procedure 9(b), "a party must state with particularity the circumstances constituting the fraud." Fed. R. Civ. P. 9(b). The plaintiffs must include the "who, what, when, where, and how" of the fraud. <u>Vess v. Ciba-Geigy Corp. USA</u>, 317 F.3d 1097, 1006 (9th Cir. 2003) (citation omitted). "The plaintiff must set forth what is false or misleading about a statement, and why it is false." <u>Decker v. Glenfed, Inc.</u>, 42 F.3d 1541, 1548 (9th Cir. 1994). Additionally, "[w]here multiple defendants are asked to respond to allegations of fraud, the complaint must inform each defendant of his alleged participation in the fraud." <u>Ricon v. Reconstrust Co.</u>, No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal. Aug. 4, 2009) (quoting <u>DiVittorio v. Equidyne Extractive Indus.</u>, 822 F.2d 1242, 1247 (2d Cir. 1987)).

Plaintiffs' cause of action for fraud suffers from the same problems noted by the court when it granted defendants' motion to dismiss plaintiffs' FAC: the SAC contains conclusory allegations with respect to defendant Midland and is silent with respect to defendant U.S. Bank. Specifically, plaintiffs allege

3

that Midland did not give them notice that it had acquired the servicing rights to plaintiffs' mortgage, as required by law. (Id. ¶ 46.)  Yet plaintiffs fail to state how or why this alleged failure to give proper notice states a claim for fraud. Secondly, plaintiffs admit that Midland is their loan servicer, yet allege that Midland had no legal right to collect monies from them.  (See SAC ¶¶ 8, 32, 46, 50, 70.)  Plaintiffs fail to state why Midland did not have the right to service their loan; instead, plaintiffs generally allege that Midland "misrepresented material facts" regarding their right to service plaintiffs' loan, and allege that Midland was engaged in a civil conspiracy with the other defendants in this case.  (Id. ¶¶ 60, 62, 70.) Plaintiffs further allege that Midland fraudulently added improper costs and charges to the amount owed by the plaintiffs. (Id. ¶ 58.)  These vague allegations are mere conclusions that do not enjoy a presumption of validity on a motion to dismiss, nor do they attempt to meet the heightened pleading standards of Rule 9(b).  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

Regarding U.S. Bank, the only conduct by them alleged in the SAC is that the trust into which plaintiffs' mortgage was pooled had a closing date of September 29, 2006, but the Assignment of Deed of Trust was recorded on November 18, 2008. (FAC ¶¶ 23-25, 48.)  Plaintiffs make no effort, however, to plead the elements of fraud or to meet the heightened pleading standards of Rule 9(b).  This cause of action will therefore be dismissed as to U.S. Bank.

B.    Negligence

To prove a cause of action for negligence, plaintiffs

4

must show "(1) a legal duty to use reasonable care; (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff[s'] injur[ies]." <u>Mendoza v. City of Los Angeles</u>, 66 Cal. App. 4th 1333, 1339 (Ct. App. 1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to decide." <u>Vasquez v. Residential Invs., Inc.</u>, 118 Cal. App. 4th 269, 278 (2004).

Even though this court's November 13, 2009 Order stated that loan servicers do not owe a duty to the borrowers of the loans they service, plaintiffs again assert in their SAC that Midland owed them a duty of care. (SAC ¶ 123; <u>see</u> Docket No. 37 at 7-8); <u>see also</u> <u>Watts v. Decision One Mortg. Co.</u>, No. 09-43 2009 U.S. Dist. LEXIS 59694 (S.D. Cal. July 13, 2009); <u>Marks v. Ocwen Loan Servicing</u>, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary duty to a borrower beyond the duties set forth in the loan contract.") Midland, as the servicer of plaintiffs' loan, owed no special duty to prevent harm to plaintiffs, and so plaintiffs' cause of action for negligence must fail as to Midland.

Plaintiffs further allege that defendant Midland was negligent per se when it allegedly violated the statutory requirements of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2605(e), by failing to give proper notice that it had obtained the servicing rights to plaintiffs' mortgage and by failing to respond to plaintiffs' Qualified Written Request ("QWR") for information relating to the servicing of their mortgage. (FAC ¶ 123.) Negligence per se is an

5

evidentiary presumption that a party failed to exercise due care if:

    (1) he violated a statute, ordinance, or regulation of a public entity;

    (2) the violation proximately caused death or injury to a person or property;

    (3) the death or injury resulted from an occurrence of the nature within the statute, ordinance, or regulation was designed to prevent; and

    (4) the person suffering the death or the injury to his person or property was one of the class of persons for whose protection the statute, ordinance, or regulation was adopted.

Cal. Evid. Code § 669.

        The negligence per se doctrine does not establish a cause of action distinct from negligence. Cal. Serv. Station & Auto. Repair Ass'n v. Am. Home Assurance Co., 62 Cal. App. 4th 1166, 1178 (1998) ("[A]n underlying claim of ordinary negligence must be viable before the presumption of negligence of Evidence Code section 669 can be employed."). Rather, the negligence per se doctrine treats a statutory violation as evidence of negligence. See Sierra-Bay Fed. Land Bank Assn. v. Superior Court, 227 Cal. App. 3d 318, 333 (1991) ("[I]t is the tort of negligence, and not the violation of the statute itself, which entitles a plaintiff to recover civil damages. In such circumstances the plaintiff is not attempting to pursue a private cause of action for violation of the statute; rather, he is pursuing a negligence action and is relying upon the violation of a statute, ordinance, or regulation to establish part of that cause of action."). Even if the four requirements of California Evidence Code section 669 are met, the plaintiff is not entitled

6

to a presumption of negligence in the absence of an underlying negligence action. <u>Coyotzi v. Countrywide Fin. Corp.</u>, No. 09-1036, 2009 WL 2985497, at *6 (E.D. Cal. Sept. 16, 2009) (O'Neill, J.) (quoting <u>Quiroz v. Seventh Ave. Ctr.</u>, 140 Cal. App. 4th 1256, 1285 (2006)).

Plaintiffs' negligence per se claim fails because Midland does not owe plaintiffs a duty of care. Plaintiffs assert that Midland owed them a statutory duty of care, but do not point to any provision in RESPA that creates such a duty. Furthermore, plaintiffs have not pled damages with respect to Midland's alleged failure under RESPA to give plaintiffs notice that it had acquired the servicing rights to their mortgage. The court, therefore, will dismiss this cause of action as to Midland.

C. <u>Rosenthal Fair Debt Collection Practices Act</u>

Plaintiffs have amended their sixth cause of action for violations of the Rosenthal Fair Debt Collection Practices Act ("RFDCPA" or "Rosenthal Act"), Cal. Civ. Code §§ 1788 <u>et seq.</u> to complain only against defendant Midland. (SAC 23.) This cause of action, however, continues to suffer from the same shortfalls this court identified in its November 13, 2009 Order granting defendants' motion to dismiss. (<u>See</u> Docket No. 37 at 4-7.) Plaintiffs do not plead facts necessary to support the inference that Midland is a "debt collector" under the RFDCPA; specifically, that Midland engages in "debt collection," that the deed of trust memorializes a "consumer credit transaction," and that the amount owed under the deed of trust is a "consumer debt" according to the RFDCPA. <u>See</u> Cal. Civ. Code § 1788.2(b)-(f)

7

(West 2009); <u>Izenberg v. ETS Svcs., LLC</u>, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008) ("Because foreclosure does not constitute debt collection under the RFDCPA, it does not appear that plaintiff can cure this deficiency."); <u>see also</u> <u>Ines v. Countrywide Home Loans, Inc.</u>, No. 08-1267, 2009 WL 4791863, at *2 (S.D. Cal. Nov. 3, 2008) ("Mortgage companies collecting debts are not 'debt collectors'") (quoting <u>Williams v. Countrywide Home Loans, Inc.</u>, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)). Plaintiffs cause of action for unfair debt collection practices, therefore, cannot survive a motion to dismiss.

D.    <u>Real Estate Settlement Procedures Act</u>

Plaintiffs' eighth cause of action against Midland for violating the Real Estate Settlement Procedures Act of 1974 ("RESPA"), 12 U.S.C. § 2601 (2006), fails to address the shortfalls identified by the court in its November 13, 2009 Order granting defendants' motion to dismiss plaintiff's FAC. (Docket No. 37 at 10-11.) Specifically, this court's prior Order explained that plaintiff's RESPA claim failed because it did not allege that plaintiffs suffered actual harm from Midland's alleged failure to comply with the notice of loan servicing and QWR response provisions of RESPA. (<u>Id.</u> (citing cases)) While plaintiffs' SAC alleges that Midland failed to make corrections to plaintiffs' account in response to the QWR and that Midland continued to provide information to consumer credit reporting agencies regarding plaintiffs' overdue payments, it fails to allege that either of these actions caused plaintiffs actual harm. (<u>See</u> SAC ¶¶ 179-181.) Rather, plaintiffs continue to vaguely assert that they "continue to suffer damages and costs of

8

suit." (<u>Id.</u> ¶ 182.) This cause of action will therefore be dismissed as to Midland.

   E.   <u>Conversion</u>

        Defendants also seek dismissal of plaintiffs' conversion claim. "Conversion is any act of dominion wrongfully exerted over another's personal property in denial of or inconsistent with his rights therein," which includes assuming "control or ownership over the property," or applying the property to one's own use. <u>Messerall v. Fulwider</u>, 199 Cal. App. 3d 1324, 1329 (1988) (citing <u>Igauye v. Howard</u>, 114 Cal. App. 2d 122, 126 (1952)). The basic elements of a conversion claim are: (1) the plaintiff's ownership or right to possession of personal property; (2) the defendant's disposition of the property in a manner that is inconsistent with the plaintiff's property rights; and (3) resulting damages. <u>Fremont Indemnity Co. v. Fremont Gen. Corp.</u>, 148 Cal. App. 4th 97, 119 (2007) (citing <u>Burlesci v. Petersen</u>, 68 Cal. App. 4th 1062, 1066 (1998)). Legal title to property is not necessary for an action for damages in conversion; a plaintiff must only show that she was "entitled to immediate possession at the time of conversion." <u>Messerall v. Fulwider</u>, 199 Cal. App. 3d 1324, 1329 (1988) (citing <u>Bastanchury v. Times-Mirror Co.</u>, 68 Cal. App. 2d 217, 236 (1945)).

        Despite this court's November 13, 2009 Order dismissing plaintiffs' wrongful foreclosure claim, plaintiffs continue to allege that California Commercial Code section 3301 applies to the non-judicial foreclosure of their property. (SAC ¶¶ 195-198; <u>see</u> Docket No. 37 at 16-17.) As this court has previously stated, California Civil Code section 2924 governs non-judicial

foreclosures.  (Docket No. 37, at 16-17 (citing cases).)
Plaintiffs' newly styled conversion claim essentially alleges
that defendants cannot "produce the note," and therefore have no
right to foreclose on their home.  California law, however, does
not require the production of the original note to initiate a
non-judicial foreclosure sale.  See Oliver v. Countrywide Home
Loans, Inc., No. 09-1381, 2009 WL 3122573, at *3 (E.D. Cal. Sept.
29, 2009) (Damrell, J.) (citing cases).  This cause of action
will therefore be dismissed as to Midland and U.S. Bank.

      F.   California Business & Professions Code § 17200

      California's Unfair Competition Law ("UCL"), Cal. Bus.
& Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or
fraudulent business act or practice."  Cal-Tech Communic'ns, Inc.
v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).
"By proscribing 'any unlawful' business practice, section 17200
'borrows' violations of other laws and treats them as unlawful
practices that the unfair competition law makes independently
actionable."  Id. (citation omitted).  This cause of action is
generally derivative of some other illegal conduct or fraud
committed by a defendant, and "[a] plaintiff must state with
reasonable particularity the facts supporting the statutory
elements of the violation."  Khoury v. Maly's of Cal., Inc., 14
Cal. App. 4th 612, 619 (1993).

      The court has already indicated it will dismiss
plaintiffs' other causes of action for violation of the Rosenthal
Act, RESPA, negligence, conversion, and fraud against Midland and
U.S. Bank for failure to state a claim.  Since plaintiffs have
failed to state a claim on any of these other grounds, and since

10

those appear to be the sole basis for plaintiffs' UCL claim, they by necessity have failed to state a claim under the UCL. Accordingly, defendants U.S. Bank and Midland's motion to dismiss plaintiffs' UCL cause of action will be granted with leave to amend.

G.    Leave To Amend

Counsel for plaintiffs has failed to comply with Local Rule 230(c) by filing neither an opposition nor a notice of non-opposition to defendants' motion to dismiss the SAC with prejudice.  "Valid reasons for denying leave to amend include undue delay, bad faith, prejudice, and futility." Cal. Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466, 1472 (9th Cir. 1988).  Furthermore, while leave to amend must be freely given, the court is not required to allow futile amendments. See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir. 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738 (9th Cir. 1987).  The court's November 13, 2009 Order specifically advised plaintiffs of the pleading defects and what plaintiff needed to plead to rectify them, and gave plaintiff the opportunity to file the SAC.  As explained above, plaintiffs SAC--while over thirty pages long--fails to correct any of these defects.

It is clear that further amendment will not help plaintiffs adequately plead at least some causes of action. Plaintiffs' fraud claim must be dismissed with prejudice because

11

it does not demonstrate a good faith effort to comply with Rule 9(b). See Spencer v. DHI Mortg. Co., No. 09-925, 2009 WL 1930161 (E.D. Cal. June 30, 2009) (dismissing the plaintiff's fraud claim without leave to amend because it failed to satisfy Rule 9(b)'s "'who, what, when, where and how' requirements" and was so deficient as to "suggest no potential improvement from an attempt to amend"). Plaintiffs' negligence claim fails as a matter of law because there is no fiduciary relationship between a loan servicer and a borrower. See Marks v. Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009).

With respect to plaintiffs' sixth and eighth causes of action, the court previously apprised plaintiffs of the same deficiencies that plague the SAC. (See Docket No. 37.) Since the deficiencies have not been corrected, the court can only conclude that plaintiffs do not intend to allege or are unwilling or unable to properly plead claims for Rosenthal Act and RESPA violations. Cf. Garcia ex rel. Marin v. Clovis Unified School Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14, 2009). To the extent that plaintiffs are again attempting to allege such a claim, dismissal without leave to amend is appropriate.

As to the remaining causes of action against defendants Midland and U.S. Bank, plaintiffs are admonished that failure to cure the defects identified in this Order is grounds for dismissal without further leave to amend.

H. Sanctions

If plaintiff's attorney had any opposition to the motion to dismiss she should have filed one; if she had no

opposition the least she could have done was comply with Local Rule 230(c) and told the court she had no opposition to the granting of defendants' motion. Instead, as she has done before,[1] she ignored the Local Rule and did nothing in response to the motion to dismiss her complaint. Counsel's failure to comply with Local Rule 230(c) and timely file any response to Midland and U.S. Bank's motion to dismiss is inexcusable, and has inconvenienced the court by forcing it to nevertheless examine the motion on the merits.

Local Rule 110 authorizes the court to impose sanctions for "[f]ailure of counsel or of a party to comply with these Rules." Therefore, the court will sanction plaintiff's counsel, Sharon L. Lapin, $200.00 payable to the Clerk of the Court within ten days from the date of this Order, unless she shows good cause for her failure to comply with the Local Rules.

IT IS THEREFORE ORDERED that defendants Midland and U.S. Bank's motion to dismiss the first, fifth, sixth, and eighth causes of action of the Second Amended Complaint as against them be, and the same hereby is, GRANTED without leave to amend.

IT IS FURTHER ORDERED that defendants Midland and U.S. Bank's motion to dismiss the seventh and tenth causes of action of the Second Amended Complaint as against them be, and the same hereby is, GRANTED with leave to amend.

---

[1] This is not the first time Ms. Lapin has failed to comply with the Local Rules. In <u>Pok et al. v. Am. Home Mortgage Serv. Inc. et al.</u>, No. 09-2385, Ms. Lapin flouted Local Rule 230(c) and filed her Opposition to a motion to dismiss nine days late, after the court vacated the hearing date and took the motion under submission without oral argument. (<u>See</u> Docket Nos. 21, 23.) Such repeated disregard for the Local Rules should not go unsanctioned.

IT IS FURTHER ORDERED that within ten days of this Order Sharon L. Lapin shall either (1) pay sanctions of $200.00 to the Clerk of the Court, or (2) submit a statement of good cause explaining her failure to comply with Local Rule 230(c).

Plaintiffs have twenty days from the date of this Order to file an amended complaint consistent with this Order.

DATED:  February 2, 2010

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

14