1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                   EASTERN DISTRICT OF CALIFORNIA

10
                          ----oo0oo----
11

12   DERALD PEAY AND DEBRA PEAY,
                                     NO. CIV. 09-2228 WBS KJM
13            PlaintiffS,

14       v.                          MEMORANDUM AND ORDER RE:
                                     MOTION TO DISMISS
15   MIDLAND MORTGAGE COMPANY;
     MORTGAGE PROCESS CENTER;
16   QUALITY LOAN SERVICE CORP.;
     MORTGAGE ELECTRONIC
17   REGISTRATION SYSTEMS, INC.;
     U.S. BANK NA; RON ALLEN AND
18   ASSOCIATES; RONNIE D. ALLEN;
     MARISSA BACO, and DOES 1-20
19   inclusive,

20            Defendants.
     _____/
21

22
                          ----oo0oo----
23

24        Plaintiffs Derald Peay and Debra Peay ("the Peays")

25   filed this action against Midland Mortgage Company ("Midland"),

26   Mortgage Process Center ("Mortgage Process"), Quality Loan

27   Service Corp. ("Quality Loan"), Mortgage Electronic Registration

28   Systems, Inc. ("MERS"), U.S. Bank National Association ("U.S.

                              1

1  Bank"), Ron Allen and Associates, Ronnie D. Allen, and Marissa

2  Baco alleging various state and federal claims relating to loans

3  they obtained to refinance their home in Grass Valley,

4  California.  In their Second Amended Complaint ("SAC"),

5  plaintiffs assert ten causes of action against eight defendants.

6        Midland and U.S. Bank move to dismiss plaintiff's SAC

7  pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure

8  to state a claim upon which relief can be granted.  Midland and

9  U.S. Bank's Motion to Dismiss challenges only the causes of

10  action that apply to them. (Mot. to Dismiss at 2.)  Plaintiffs

11  did not oppose the motion.  Nor did plaintiffs file a statement

12  of non-opposition pursuant to Local Rule 230(c). Therefore, the

13  hearing date of January 19, 2010 is VACATED pursuant to Eastern

14  District Local Rule 230(c), and the court takes defendants'

15  motion to dismiss under submission without oral argument.

16        On a motion to dismiss, the court must accept the

17  allegations in the complaint as true and draw all reasonable

18  inferences in favor of the plaintiff. Scheuer v. Rhodes, 416

19  U.S. 232, 236 (1974), overruled on other grounds by Davis v.

20  Scherer, 468 U.S. 183 (1984); Cruz v. Beto, 405 U.S. 319, 322

21  (1972).  To survive a motion to dismiss, a plaintiff needs to

22  plead "only enough facts to state a claim to relief that is

23  plausible on its face."  Bell Atl. Corp. v. Twombly, 127 S. Ct.

24  1955, 1974 (2007).  This "plausibility standard," however, "asks

25  for more than a sheer possibility that a defendant has acted

26  unlawfully," and where a complaint pleads facts that are "merely

27  consistent with" a defendant's liability, it "stops short of the

28  line between possibility and plausibility."  Ashcroft v. Iqbal,

2

1   129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at

2   556-57).

3        A.   Fraud

4        In California, the essential elements of a claim for

5   fraud are "(a) a misrepresentation (false representation,

6   concealment, or nondisclosure); (b) knowledge of falsity (or

7   'scienter'); (c) intent to defraud, i.e., to induce reliance; (d)

8   justifiable reliance; and (e) resulting damage." In re Estate of

9   Young, 160 Cal. App. 4th 62, 79 (2008).  Under the heightened

10  pleading requirements for claims of fraud under Federal Rule of

11  Civil Procedure 9(b), "a party must state with particularity the

12  circumstances constituting the fraud."  Fed. R. Civ. P. 9(b).

13  The plaintiffs must include the "who, what, when, where, and how"

14  of the fraud.  Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1006

15  (9th Cir. 2003) (citation omitted).  "The plaintiff must set

16  forth what is false or misleading about a statement, and why it

17  is false."  Decker v. Glenfed, Inc., 42 F.3d 1541, 1548 (9th Cir.

18  1994).  Additionally, "[w]here multiple defendants are asked to

19  respond to allegations of fraud, the complaint must inform each

20  defendant of his alleged participation in the fraud."  Ricon v.

21  Reconstrust Co., No. 09-937, 2009 WL 2407396, at *3 (S.D. Cal.

22  Aug. 4, 2009) (quoting DiVittorio v. Equidyne Extractive Indus.,

23  822 F.2d 1242, 1247 (2d Cir. 1987)).

24       Plaintiffs' cause of action for fraud suffers from the

25  same problems noted by the court when it granted defendants'

26  motion to dismiss plaintiffs' FAC: the SAC contains conclusory

27  allegations with respect to defendant Midland and is silent with

28  respect to defendant U.S. Bank.  Specifically, plaintiffs allege

3

1  that Midland did not give them notice that it had acquired the

2  servicing rights to plaintiffs' mortgage, as required by law.

3  (Id. ¶ 46.)  Yet plaintiffs fail to state how or why this alleged

4  failure to give proper notice states a claim for fraud.

5  Secondly, plaintiffs admit that Midland is their loan servicer,

6  yet allege that Midland had no legal right to collect monies from

7  them.  (See SAC ¶¶ 8, 32, 46, 50, 70.)  Plaintiffs fail to state

8  why Midland did not have the right to service their loan;

9  instead, plaintiffs generally allege that Midland "misrepresented

10 material facts" regarding their right to service plaintiffs'

11 loan, and allege that Midland was engaged in a civil conspiracy

12 with the other defendants in this case.  (Id. ¶¶ 60, 62, 70.)

13 Plaintiffs further allege that Midland fraudulently added

14 improper costs and charges to the amount owed by the plaintiffs.

15 (Id. ¶ 58.)  These vague allegations are mere conclusions that do

16 not enjoy a presumption of validity on a motion to dismiss, nor

17 do they attempt to meet the heightened pleading standards of Rule

18 9(b).  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

19         Regarding U.S. Bank, the only conduct by them alleged

20 in the SAC is that the trust into which plaintiffs' mortgage was

21 pooled had a closing date of September 29, 2006, but the

22 Assignment of Deed of Trust was recorded on November 18, 2008.

23 (FAC ¶¶ 23-25, 48.)  Plaintiffs make no effort, however, to plead

24 the elements of fraud or to meet the heightened pleading

25 standards of Rule 9(b).  This cause of action will therefore be

26 dismissed as to U.S. Bank.

27     B.    Negligence

28         To prove a cause of action for negligence, plaintiffs

4

1 must show "(1) a legal duty to use reasonable care; (2) breach of

2 that duty, and (3) proximate [or legal] cause between the breach

3 and (4) the plaintiff[s'] injur[ies]."  Mendoza v. City of Los

4 Angeles, 66 Cal. App. 4th 1333, 1339 (Ct. App. 1998) (citation

5 omitted).  "The existence of a legal duty to use reasonable care

6 in a particular factual situation is a question of law for the

7 court to decide."  Vasquez v. Residential Invs., Inc., 118 Cal.

8 App. 4th 269, 278 (2004).

9        Even though this court's November 13, 2009 Order stated

10 that loan servicers do not owe a duty to the borrowers of the

11 loans they service, plaintiffs again assert in their SAC that

12 Midland owed them a duty of care.  (SAC ¶ 123; see Docket No. 37

13 at 7-8); see also Watts v. Decision One Mortg. Co., No. 09-43

14 2009 U.S. Dist. LEXIS 59694 (S.D. Cal. July 13, 2009); Marks v.

15 Ocwen Loan Servicing, No. 07-2133, 2009 WL 975792, at *7 (N.D.

16 Cal. Apr. 10, 2009) ("[A] loan servicer does not owe a fiduciary

17 duty to a borrower beyond the duties set forth in the loan

18 contract.") Midland, as the servicer of plaintiffs' loan, owed no

19 special duty to prevent harm to plaintiffs, and so plaintiffs'

20 cause of action for negligence must fail as to Midland.

21        Plaintiffs further allege that defendant Midland was

22 negligent per se when it allegedly violated the statutory

23 requirements of the Real Estate Settlement Procedures Act

24 ("RESPA"), 12 U.S.C. § 2605(e), by failing to give proper notice

25 that it had obtained the servicing rights to plaintiffs' mortgage

26 and by failing to respond to plaintiffs' Qualified Written

27 Request ("QWR") for information relating to the servicing of

28 their mortgage.  (FAC ¶ 123.)  Negligence per se is an

evidentiary presumption that a party failed to exercise due care
if:

> (1) he violated a statute, ordinance, or regulation of
> a public entity;
>
> (2) the violation proximately caused death or injury to
> a person or property;
>
> (3) the death or injury resulted from an occurrence of
> the nature within the statute, ordinance, or regulation
> was designed to prevent; and
>
> (4) the person suffering the death or the injury to his
> person or property was one of the class of persons for
> whose protection the statute, ordinance, or regulation
> was adopted.

Cal. Evid. Code § 669.

The negligence per se doctrine does not establish a
cause of action distinct from negligence. <u>Cal. Serv. Station &
Auto. Repair Ass'n v. Am. Home Assurance Co.</u>, 62 Cal. App. 4th
1166, 1178 (1998) ("[A]n underlying claim of ordinary negligence
must be viable before the presumption of negligence of Evidence
Code section 669 can be employed.").  Rather, the negligence per
se doctrine treats a statutory violation as evidence of
negligence.  <u>See</u> <u>Sierra-Bay Fed. Land Bank Assn. v. Superior
Court</u>, 227 Cal. App. 3d 318, 333 (1991) ("[I]t is the tort of
negligence, and not the violation of the statute itself, which
entitles a plaintiff to recover civil damages.  In such
circumstances the plaintiff is not attempting to pursue a private
cause of action for violation of the statute; rather, he is
pursuing a negligence action and is relying upon the violation of
a statute, ordinance, or regulation to establish part of that
cause of action.").  Even if the four requirements of California
Evidence Code section 669 are met, the plaintiff is not entitled

1 to a presumption of negligence in the absence of an underlying

2 negligence action.  Coyotzi v. Countrywide Fin. Corp., No. 09-

3 1036, 2009 WL 2985497, at *6 (E.D. Cal. Sept. 16, 2009) (O'Neill,

4 J.) (quoting Quiroz v. Seventh Ave. Ctr., 140 Cal. App. 4th 1256,

5 1285 (2006)).

6        Plaintiffs' negligence per se claim fails because

7 Midland does not owe plaintiffs a duty of care.  Plaintiffs

8 assert that Midland owed them a statutory duty of care, but do

9 not point to any provision in RESPA that creates such a duty.

10 Furthermore, plaintiffs have not pled damages with respect to

11 Midland's alleged failure under RESPA to give plaintiffs notice

12 that it had acquired the servicing rights to their mortgage.  The

13 court, therefore, will dismiss this cause of action as to

14 Midland.

15        C.    Rosenthal Fair Debt Collection Practices Act

16        Plaintiffs have amended their sixth cause of action for

17 violations of the Rosenthal Fair Debt Collection Practices Act

18 ("RFDCPA" or "Rosenthal Act"), Cal. Civ. Code §§ 1788 et seq. to

19 complain only against defendant Midland.  (SAC 23.)  This cause

20 of action, however, continues to suffer from the same shortfalls

21 this court identified in its November 13, 2009 Order granting

22 defendants' motion to dismiss.  (See Docket No. 37 at 4-7.)

23 Plaintiffs do not plead facts necessary to support the inference

24 that Midland is a "debt collector" under the RFDCPA;

25 specifically, that Midland engages in "debt collection," that the

26 deed of trust memorializes a "consumer credit transaction," and

27 that the amount owed under the deed of trust is a "consumer debt"

28 according to the RFDCPA.  See Cal. Civ. Code § 1788.2(b)-(f)

1   (West 2009); <u>Izenberg v. ETS Svcs., LLC</u>, 589 F. Supp. 2d 1193,

2   1199 (C.D. Cal. 2008) ("Because foreclosure does not constitute

3   debt collection under the RFDCPA, it does not appear that

4   plaintiff can cure this deficiency."); <u>see also</u> <u>Ines v.</u>

5   <u>Countrywide Home Loans, Inc.</u>, No. 08-1267, 2009 WL 4791863, at *2

6   (S.D. Cal. Nov. 3, 2008) ("Mortgage companies collecting debts

7   are not 'debt collectors'") (quoting <u>Williams v. Countrywide Home</u>

8   <u>Loans, Inc.</u>, 504 F. Supp. 2d 176, 190 (S.D. Tex. 2007)).

9   Plaintiffs cause of action for unfair debt collection practices,

10   therefore, cannot survive a motion to dismiss.

11         D.    <u>Real Estate Settlement Procedures Act</u>

12         Plaintiffs' eighth cause of action against Midland for

13   violating the Real Estate Settlement Procedures Act of 1974

14   ("RESPA"), 12 U.S.C. § 2601 (2006), fails to address the

15   shortfalls identified by the court in its November 13, 2009 Order

16   granting defendants' motion to dismiss plaintiff's FAC.  (Docket

17   No. 37 at 10-11.)  Specifically, this court's prior Order

18   explained that plaintiff's RESPA claim failed because it did not

19   allege that plaintiffs suffered actual harm from Midland's

20   alleged failure to comply with the notice of loan servicing and

21   QWR response provisions of RESPA.  (<u>Id.</u> (citing cases))  While

22   plaintiffs' SAC alleges that Midland failed to make corrections

23   to plaintiffs' account in response to the QWR and that Midland

24   continued to provide information to consumer credit reporting

25   agencies regarding plaintiffs' overdue payments, it fails to

26   allege that either of these actions caused plaintiffs actual

27   harm.  (<u>See</u> SAC ¶¶ 179-181.)  Rather, plaintiffs continue to

28   vaguely assert that they "continue to suffer damages and costs of

1   suit." (<u>Id.</u> ¶ 182.)  This cause of action will therefore be

2   dismissed as to Midland.

3       E.    <u>Conversion</u>

4           Defendants also seek dismissal of plaintiffs'

5   conversion claim.  "Conversion is any act of dominion wrongfully

6   exerted over another's personal property in denial of or

7   inconsistent with his rights therein," which includes assuming

8   "control or ownership over the property," or applying the

9   property to one's own use.  <u>Messerall v. Fulwider</u>, 199 Cal. App.

10  3d 1324, 1329 (1988) (citing <u>Igauye v. Howard</u>, 114 Cal. App. 2d

11  122, 126 (1952)).  The basic elements of a conversion claim are:

12  (1) the plaintiff's ownership or right to possession of personal

13  property; (2) the defendant's disposition of the property in a

14  manner that is inconsistent with the plaintiff's property rights;

15  and (3) resulting damages.  <u>Fremont Indemnity Co. v. Fremont Gen.</u>

16  <u>Corp.</u>, 148 Cal. App. 4th 97, 119 (2007) (citing <u>Burlesci v.</u>

17  <u>Petersen</u>, 68 Cal. App. 4th 1062, 1066 (1998)).  Legal title to

18  property is not necessary for an action for damages in

19  conversion; a plaintiff must only show that she was "entitled to

20  immediate possession at the time of conversion."  <u>Messerall v.</u>

21  <u>Fulwider</u>, 199 Cal. App. 3d 1324, 1329 (1988) (citing <u>Bastanchury</u>

22  <u>v. Times-Mirror Co.</u>, 68 Cal. App. 2d 217, 236 (1945)).

23          Despite this court's November 13, 2009 Order dismissing

24  plaintiffs' wrongful foreclosure claim, plaintiffs continue to

25  allege that California Commercial Code section 3301 applies to

26  the non-judicial foreclosure of their property.  (SAC ¶¶ 195-198;

27  <u>see</u> Docket No. 37 at 16-17.)  As this court has previously

28  stated, California Civil Code section 2924 governs non-judicial

1 foreclosures.  (Docket No. 37, at 16-17 (citing cases).)

2 Plaintiffs' newly styled conversion claim essentially alleges

3 that defendants cannot "produce the note," and therefore have no

4 right to foreclose on their home.  California law, however, does

5 not require the production of the original note to initiate a

6 non-judicial foreclosure sale.  See Oliver v. Countrywide Home

7 Loans, Inc., No. 09-1381, 2009 WL 3122573, at *3 (E.D. Cal. Sept.

8 29, 2009) (Damrell, J.) (citing cases).  This cause of action

9 will therefore be dismissed as to Midland and U.S. Bank.

10       F.   California Business & Professions Code § 17200

11           California's Unfair Competition Law ("UCL"), Cal. Bus.

12 & Prof. Code §§ 17200-17210, prohibits "any unlawful, unfair, or

13 fraudulent business act or practice."  Cal-Tech Communic'ns, Inc.

14 v. Los Angeles Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

15 "By proscribing 'any unlawful' business practice, section 17200

16 'borrows' violations of other laws and treats them as unlawful

17 practices that the unfair competition law makes independently

18 actionable."  Id. (citation omitted).  This cause of action is

19 generally derivative of some other illegal conduct or fraud

20 committed by a defendant, and "[a] plaintiff must state with

21 reasonable particularity the facts supporting the statutory

22 elements of the violation."  Khoury v. Maly's of Cal., Inc., 14

23 Cal. App. 4th 612, 619 (1993).

24       The court has already indicated it will dismiss

25 plaintiffs' other causes of action for violation of the Rosenthal

26 Act, RESPA, negligence, conversion, and fraud against Midland and

27 U.S. Bank for failure to state a claim.  Since plaintiffs have

28 failed to state a claim on any of these other grounds, and since

1  those appear to be the sole basis for plaintiffs' UCL claim, they

2  by necessity have failed to state a claim under the UCL.

3  Accordingly, defendants U.S. Bank and Midland's motion to dismiss

4  plaintiffs' UCL cause of action will be granted with leave to

5  amend.

6        G.    Leave To Amend

7             Counsel for plaintiffs has failed to comply with Local

8  Rule 230(c) by filing neither an opposition nor a notice of non-

9  opposition to defendants' motion to dismiss the SAC with

10 prejudice.   "Valid reasons for denying leave to amend include

11 undue delay, bad faith, prejudice, and futility."   Cal.

12 Architectural Bldg. Prods. v. Franciscan Ceramics, 818 F.2d 1466,

13 1472 (9th Cir. 1988).   Furthermore, while leave to amend must be

14 freely given, the court is not required to allow futile

15 amendments.   See DeSoto v. Yellow Freight Sys., Inc., 957 F.2d

16 655, 658 (9th Cir. 1992); Klamath-Lake Pharm. Ass'n v. Klamath

17 Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983); see also

18 Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.

19 1990); Rutman Wine Co. v. E. & J. Gallo Winery, 829 F.2d 729, 738

20 (9th Cir. 1987).   The court's November 13, 2009 Order

21 specifically advised plaintiffs of the pleading defects and what

22 plaintiff needed to plead to rectify them, and gave plaintiff the

23 opportunity to file the SAC.   As explained above, plaintiffs

24 SAC--while over thirty pages long--fails to correct any of these

25 defects.

26             It is clear that further amendment will not help

27 plaintiffs adequately plead at least some causes of action.

28 Plaintiffs' fraud claim must be dismissed with prejudice because

1   it does not demonstrate a good faith effort to comply with Rule

2   9(b).  See Spencer v. DHI Mortg. Co., No. 09-925, 2009 WL 1930161

3   (E.D. Cal. June 30, 2009) (dismissing the plaintiff's fraud claim

4   without leave to amend because it failed to satisfy Rule 9(b)'s

5   "'who, what, when, where and how' requirements" and was so

6   deficient as to "suggest no potential improvement from an attempt

7   to amend").  Plaintiffs' negligence claim fails as a matter of

8   law because there is no fiduciary relationship between a loan

9   servicer and a borrower.  See Marks v. Ocwen Loan Servicing, No.

10  07-2133, 2009 WL 975792, at *7 (N.D. Cal. Apr. 10, 2009).

11          With respect to plaintiffs' sixth and eighth causes of

12  action, the court previously apprised plaintiffs of the same

13  deficiencies that plague the SAC.  (See Docket No. 37.)  Since

14  the deficiencies have not been corrected, the court can only

15  conclude that plaintiffs do not intend to allege or are unwilling

16  or unable to properly plead claims for Rosenthal Act and RESPA

17  violations.  Cf. Garcia ex rel. Marin v. Clovis Unified School

18  Dist., No. 08-1924, 2009 WL 2982900, at *9 (E.D. Cal. Sept. 14,

19  2009).  To the extent that plaintiffs are again attempting to

20  allege such a claim, dismissal without leave to amend is

21  appropriate.

22          As to the remaining causes of action against defendants

23  Midland and U.S. Bank, plaintiffs are admonished that failure to

24  cure the defects identified in this Order is grounds for

25  dismissal without further leave to amend.

26      H.   Sanctions

27          If plaintiff's attorney had any opposition to the

28  motion to dismiss she should have filed one; if she had no

12

1 opposition the least she could have done was comply with Local

2 Rule 230(c) and told the court she had no opposition to the

3 granting of defendants' motion.  Instead, as she has done

4 before,[1] she ignored the Local Rule and did nothing in response

5 to the motion to dismiss her complaint.  Counsel's failure to

6 comply with Local Rule 230(c) and timely file any response to

7 Midland and U.S. Bank's motion to dismiss is inexcusable, and has

8 inconvenienced the court by forcing it to nevertheless examine

9 the motion on the merits.

10          Local Rule 110 authorizes the court to impose sanctions

11 for "[f]ailure of counsel or of a party to comply with these

12 Rules."  Therefore, the court will sanction plaintiff's counsel,

13 Sharon L. Lapin, $200.00 payable to the Clerk of the Court within

14 ten days from the date of this Order, unless she shows good cause

15 for her failure to comply with the Local Rules.

16          IT IS THEREFORE ORDERED that defendants Midland and

17 U.S. Bank's motion to dismiss the first, fifth, sixth, and eighth

18 causes of action of the Second Amended Complaint as against them

19 be, and the same hereby is, GRANTED without leave to amend.

20          IT IS FURTHER ORDERED that defendants Midland and U.S.

21 Bank's motion to dismiss the seventh and tenth causes of action

22 of the Second Amended Complaint as against them be, and the same

23 hereby is, GRANTED with leave to amend.

24 _____

25      [1]    This is not the first time Ms. Lapin has failed to
comply with the Local Rules.  In Pok et al. v. Am. Home Mortgage
26 Serv. Inc. et al., No. 09-2385, Ms. Lapin flouted Local Rule
230(c) and filed her Opposition to a motion to dismiss nine days
27 late, after the court vacated the hearing date and took the
motion under submission without oral argument.  (See Docket Nos.
28 21, 23.)  Such repeated disregard for the Local Rules should not
go unsanctioned.

1        IT IS FURTHER ORDERED that within ten days of this

2  Order Sharon L. Lapin shall either (1) pay sanctions of $200.00

3  to the Clerk of the Court, or (2) submit a statement of good

4  cause explaining her failure to comply with Local Rule 230(c).

5        Plaintiffs have twenty days from the date of this Order

6  to file an amended complaint consistent with this Order.

7  DATED:   February 2, 2010

8

9  _____
   WILLIAM B. SHUBB

10   UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

14