UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

DERALD PEAY AND DEBRA PEAY,

        Plaintiffs,

   v.

MIDLAND MORTGAGE COMPANY; MORTGAGE PROCESS CENTER; QUALITY LOAN SERVICE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; U.S. BANK NATIONAL ASSOCIATION; T.D. SERVICE COMPANY; AHMSI DEFAULT SERVICES, INC.; RON ALLEN AND ASSOCIATES; RONNIE D. ALLEN; MARISSA BACO; and DOES 1 through 50, inclusive,

        Defendants.

                                /

NO. CIV. 09-2228 WBS KJM

ORDER RE: SANCTIONS

----oo0oo----

In response to this court's February 2, 2010 Order, counsel for plaintiffs submitted a declaration attempting to justify her noncompliance with the Local Rules by explaining that the staff working on the case is "overwhelmed with work."

1

(Docket No. 54.)

This attempt to excuse noncompliance with the Local Rules does not show good cause why the court should not impose sanctions.[1]  Counsel for plaintiffs should not have undertaken the representation of plaintiffs if she was so overwhelmed by her other cases that she could not timely file an opposition to a motion to dismiss.  If counsel chose to represent plaintiffs despite her busy caseload, she was obliged to comply with the Local Rules.

A district court has the authority under Federal Rule of Civil Procedure 16(f) to impose sanctions for even unintentional or negligent noncompliance with the court's pretrial orders.  See, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc., 275 F.3d 762, 769 (9th Cir. 2001) (upholding Rule 16 sanctions imposed on a party for unintentionally failing to attend a scheduled mediation due to an incapacitating headache); Ayers v. City of Richmond, 895 F.2d 1267, 1270 (9th Cir. 1990) (upholding a district court's sanctions under Rule 16(f) where counsel failed to appear for a settlement conference because the date "slipped by him"); Mt. Shasta Title & Escrow Co. v. Pennbrook Homes, No. 07-963, 2007 WL 4210478, at *2 (E.D. Cal. Nov. 28, 2007) (Burrell, J.)

---

[1] This court noted in its February 2, 2010 Order that Ms. Lapin has previously failed to comply with Local Rule 230(c) by failing to timely file any papers in response to a motion to dismiss.  See Pok st al. v. Am. Home Mortgage Serv. Inc. et al., No. 2:09-cv-2385, Docket Nos. 21, 23.  Furthermore, counsel's inadvertence in this case resulted in the waste of this court's resources by examining the merits of and issuing an Order on defendants Midland Mortgage Company and U.S. Bank's Motion to Dismiss.

1 (sanctioning counsel $200 for mistakenly filing an inaccurate
2 status report indicating that a party had been served); see also
3 William W. Schwarzer et al., Practice Guide: Federal Civil
4 Procedure Before Trial 15:81 (Nat'l ed. 2009) ("It need not be
5 shown that the party to be sanctioned was acting recklessly or in
6 bad faith. Negligent failure to comply with Rule 16 justifies
7 imposition of appropriate sanctions.").

8      Accordingly, counsel for plaintiffs has failed to show
9 good cause why the court should not impose sanctions for the
10 failure to comply with Local Rule 230(c).  Further, because
11 counsel for plaintiff has explained that her failure to comply
12 with the Local Rule was the cause of plaintiffs' noncompliance,
13 payment shall be borne by counsel rather than her clients.

14      IT IS THEREFORE ORDERED that, within ten days of the
15 date of this Order, counsel for plaintiffs shall send payment in
16 the amount of $200, as sanctions, to the Clerk of the Court or
17 request that the matter be scheduled for a formal hearing.
18 DATED:  February 12, 2010

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE